# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NATOSHA L. FINLEY

    Plaintiff,

  v.

MIAMI UNIVERSITY

    Defendant.

Case No. 1:20-cv-379

JUDGE DOUGLAS R. COLE

## ORDER

This cause comes before the Court on Plaintiff Natosha Finley's Motion to Dismiss Remaining Claims Without Prejudice Pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Motion," Doc. 23), filed on July 5, 2022. In that Motion, Finley states that—"after a thorough review of the Motion for Summary Judgment" filed by Defendant Miami University ("Miami")—she no longer wishes to proceed with this case. (Mot., Doc. 23, #387[1]). Accordingly, she asks that the Court dismiss this matter without prejudice. (*Id.*).

Miami filed a Response (Doc. 24) on July 8, 2022. There, Miami states that it does not oppose Finley's request to dismiss the matter. (Doc. 24, #389). However, Miami argues that the Court should dismiss with prejudice because Finley's Motion "was filed in response to [Miami's] Motion for Summary Judgment and the only stated

---

[1] Refers to PAGEID #.

reason for Plaintiff's Motion to Dismiss is that it was made '[a]fter a thorough review of the Motion for Summary Judgment.'" (*Id.*).

For the reasons set forth more fully below, the Court **GRANTS** Finley's Motion (Doc. 23) and accordingly **DISMISSES** this matter **WITHOUT PREJUDICE**. Further the Court **DENIES AS MOOT** Miami's Motion for Summary Judgment (Doc. 21).

## LAW AND ANALYSIS

Finley moves to dismiss this matter without prejudice under Federal Rule of Civil Procedure 41(a)(2). "Whether to permit a plaintiff to voluntarily dismiss [his or her] case is a matter committed to the court's discretion." *N. Am. Specialty Ins. Co. v. Titan Retail Dev. Indus., LLC,* No. 20-10539, 2021 WL 6284436, at *2 (E.D. Mich. Nov. 22, 2021). "[A]n abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.,* 583 F.3d 948, 953 (6th Cir. 2009).

"To determine whether the defendant will suffer legal prejudice as a result of dismissal without prejudice, a court should consider" four factors: "(1) how much effort and expense the defendant has expended in the matter; (2) any lack of diligence on the plaintiff's part in prosecuting the case; (3) whether the plaintiff has given sufficient explanation of her need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment." *Robinette v. Olentangy Local Sch.*, No. C2-

08-CV-149, 2008 WL 4593647, at *1 (S.D. Ohio Oct. 14, 2008) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Applying those factors here, the Court concludes that dismissal without prejudice is appropriate. Start with the first factor: "how much effort and expense the defendant has expended in the matter." *Id.* Here, other than noting that it has already filed a Motion for Summary Judgment, Miami has not made any effort to demonstrate the extent of the effort and expense it has put into this case. Another court in this district faced a similar situation in *Wallace v. Wheeling Pittsburgh Steel Corp.*, No. 2:06-cv-610, 2007 WL 1795950 (S.D. Ohio June 20, 2007). There, the court "recognize[d] that [the] Defendants ha[d] naturally invested time and effort in litigating this action. But [the] Defendants ha[d] not informed th[e] Court of any specifics beyond vague or merely estimated assertions of expended time and effort." *Id.* at *2. Indeed, the court noted that one of the two defendants had stated only that "[c]ounsel estimates that perhaps this defendant has expended 60 hours in and about this case." *Id.* The second defendant provided no time estimate at all, and both defendants "failed to indicate the expenses they ha[d] incurred." *Id.*; *see also Dowling v. Select Portfolio Servicing, Inc.*, No. 05-cv-49, 2007 WL 2815567, at *3 (S.D. Ohio Sept. 25, 2007) (finding this factor weighed in favor of dismissal without prejudice because the defendant had "not set forth any meaningful information about its time or monetary investment in th[e] case"). Similarly, in this case, Miami has not shown— or even attempted to show—the extent of its effort or expenses. Absent such a

3

showing, the Court concludes that this factor weighs in favor of dismissal without prejudice.

The second factor the Court must consider is any lack of diligence on Finley's part in prosecuting the case. In evaluating this factor, the Court finds *Dowling* instructive. There, the court found that the diligence factor weighed in the plaintiff's favor, noting that "[t]he docket show[ed] that [the plaintiff] successfully defended a motion to dismiss brought by [the defendants], filed an amended complaint and … participated in discovery, including sitting for her deposition." *Dowling,* 2007 WL 2815567, at *3. Similarly, in this case, Finley also successfully defended against a Motion to Dismiss (at least partially, insofar as a few of Finley's claims survived). (Op., Doc. 10, #42). Moreover, she also cooperated with discovery and sat for her deposition. (Finley Dep., Doc. 17). Accordingly, because the Court has identified no evidence that Finley lacked diligence in prosecuting this case, the Court concludes that the second factor weighs in favor of dismissal without prejudice. *See also Wallace,* 2007 WL 1795950, at *3 (finding that the second factor weighed in the plaintiff's favor where there was either "no evidence that [the plaintiff] lacked diligence in prosecuting the action or, at worst, that both sides contributed to the overall delay").

Next, the Court turns to the third factor: whether the plaintiff has given sufficient explanation of his or her need to take a dismissal. Admittedly, Finley's explanation for seeking a dismissal in this case is somewhat vague—with her Motion stating simply that "[a]fter a thorough review of the Motion for Summary Judgment

4

filed by [Miami,] Plaintiff is filing a Motion to Dismiss the Remaining Claims Without Prejudice." (Mot., Doc. 23, #387). As best the Court can discern, Finley appears to be indicating that she has conducted a cost-benefit analysis and does not believe that responding to Miami's Motion and continuing with the expense of this litigation would be worthwhile. The Sixth Circuit has repeatedly recognized that such an explanation is sufficient. *See, e.g. Bridgeport Music, Inc.,* 583 F.3d at 952 (6th Cir. 2009) (no abuse of discretion where the lower court found that "costs benefit analysis reasoning is a reasonable explanation for dismissal"); *Malibu Media, LLC v. Ricupero,* 705 F. App'x 402, 408 (6th Cir 2017) ("[A] plaintiff's cost-benefit analysis of pursuing further litigation may serve as sufficient explanation of its dismissal."). Accordingly, this factor weighs in favor of dismissal without prejudice.

The fourth and final factor the Court must consider is "whether the defendant has filed a motion for summary judgment." *Robinette,* 2008 WL 4593647, at *1. Here, Miami has filed a Motion for Summary Judgment—accordingly, this factor weighs against dismissing the matter without prejudice.

Putting it all together, the first three factors weigh in favor of granting Finley's Motion, and only the fourth factor—that is, Miami's pending Motion for Summary Judgment—weighs against. Courts in this circuit have previously found that a pending motion for summary judgment, however, is not dispositive in the Rule 41(a)(2) analysis. *Rosenthal v. Bridgestone/Firestone, Inc.,* 217 F. App'x 498, 502 (6th Cir. 2007) ("[T]he existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal

prejudice."); *Ball v. Perkins,* No. 17-11212, 2018 WL 636246, at *3 (E.D. Mich. Jan. 31, 2018) ("A defendant'[s] motion for summary judgment will not preclude dismissal if other factors do not indicate that the defendant will suffer plain legal prejudice."). Moreover, if Finley were to refile her suit, Miami presumably could refile an answer and its motion for summary judgment with little additional time or effort. In any event, the Court concludes that dismissal without prejudice is appropriate in this matter.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Finley's Motion (Doc. 23) and accordingly **DISMISSES** this matter **WITHOUT PREJUDICE**. Further the Court **DENIES AS MOOT** Miami's Motion for Summary Judgment (Doc. 21).

The Court **DIRECTS** the Clerk to **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

July 25, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**